UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY FRANKLIN, | No. 2:19-cv-0802 KJM DB P |
| Petitioner, | |
| v. | ORDER AND |
| R. FISHER, Jr., | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**I.     Relevant Procedural Background**

On May 1, 2019, petitioner filed the instant § 2254 petition. Petitioner challenges the sentence of 32 years and 4 months that he received following his 2002 conviction for rape, sexual battery, and commission of a lewd act on a minor in the Sacramento County Superior Court, Case No. 01F02563. For enhancement purposes, the jury also found that petitioner had a prior serious

felony conviction and had served two prior prison terms.[1] Petitioner appealed, and the judgment was affirmed.

Petitioner sought habeas corpus relief in the trial court. In May 2005, the Sacramento County Superior Court granted the petition in part, ordering re-sentencing because the trial court had imposed a fully consecutive term for the rape charge pursuant to Cal. Penal Code §667.6(d) without giving a separate reason to support its discretionary choice of that term as it was required to do under the statutory scheme. At re-sentencing in January 2006, petitioner was committed to state prison for the same term, 32 years and four months, calculated in the same manner. The sentencing court clarified that it was imposing a full, separate, and consecutive term for the rape because, first, of all the court believes that is a separate offense as defined bylaw and, second, petitioner was on parole at the time this offense was committed, which justifies imposition of consecutive sentences. The California Court of Appeal, Third District, affirmed the judgment after re-sentencing. Petitioner sought habeas corpus relief in the Sacramento County Superior Court and California Supreme Court; this time his petitions were denied.

Petitioner then filed a petition for writ of habeas corpus in this court, Case No. 2:08-cv-1276-FCD-CHS, on June 6, 2008, asserting several procedural errors ("the prior habeas action"). The petition was denied on February 2, 2010, and the judgment was affirmed by the Ninth Circuit Court of Appeal on December 3, 2013.

In the instant petition, petitioner challenges the same conviction and sentence as in the prior habeas action. Here, he alleges that the trial court improperly determined facts regarding a prior conviction that was not found true by a jury or admitted to by petitioner to increase petitioner's sentence in violation of petitioner's Sixth Amendment rights and in violation of People v. Gallardo, 4 Cal. 5th 120 (2017).

////

////

---

[1] This procedural background is set forth more fully in the December 29, 2009, findings and recommendations issued by the magistrate judge in Franklin v. Walker, 2:08-cv-1276-FCD-CHS (E.D. Cal.), ECF No. 21.

2

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in § 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to

> file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657 (1996).

The petition in this case and that in the prior habeas action both challenge petitioner's custody pursuant to the same 2002 judgment entered by the Sacramento County Superior Court. Accordingly, the instant petition is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present petition. See 28 U.S.C. § 2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claim asserted in the instant petition does not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claim is not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Tyler v. Cain, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced.").

Because petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present petition. See Burton v. Stewart, supra.

### III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis is granted; and

IT IS HEREBY RECOMMENDED that the petition be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 24, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/fran0802.fr dism

5